■ PITH EQUITIES, INC., Appellant, v. NEW YORK THEOLOGICAL SEMINARY, Respondent.— Order and judgment (one paper), Supreme Court, New York

County, entered on October 21, 1971, affirmed on opinion of Helman, J., at Special Term. Respondent shall recover of appellant $50 costs and disbursements of this appeal. Concur — Stevens, P. J., Kupferman and McNally, JJ.; McGivern and Murphy, JJ., dissent in the following memorandum by Murphy, J.: We dissent and do not believe this action is suitable for summary disposition. Defendant, at all times herein relevant, was and is the owner of three contiguous parcels of land in the Borough of Manhattan known as 229 East 49th Street ("Parcel A"), 241 East 49th Street ("Parcel B"), and 235 East 49th Street ("Parcel C"). Parcels A and B are each improved with a three-story and basement brownstone dwelling and flank Parcel C, a 12-story building used and occupied as a school. In 1964, defendant, desirous of building an addition to its school's library, combined Parcels A, B and C into a single "zoning lot" in order to utilize the available air rights of Parcels A and B and thereby comply with the applicable floor area ratio requirements of the Zoning Resolution of the City of New York. Insofar as here applicable, a zoning lot is defined in section 12–10 of the aforesaid Zoning Resolution as: "(C) A tract of land, located within a single block, which at the time of filing for a building permit (or, at the time of filing for a certificate of occupancy), is designated by its owner or developer as a tract all of which is to be used, developed or built upon as a unit under single ownership." Additionally: "A zoning lot may be subdivided into two or more zoning lots, provided that all resulting zoning lots and all buildings thereon shall comply with all of the applicable provisions of this resolution." Thereafter, in 1970, plaintiff entered into a written contract with defendant to purchase Parcel A and Parcel B. Plaintiff agreed to accept title to said parcels subject to "Zoning regulations, ordinances and restrictions and amendments thereof and additions thereto now or hereafter in force or effect, provided same are not violated by the existing structures." However, it concededly knew of the previously created encumbrance and the contract of sale specifically provided that: "Purchaser has been informed that Seller has utilized air rights appurtenant to the premises to be conveyed hereunder in connection with construction and alteration of premises 235 East 49th Street and that such use restricts and diminishes the allowable foot [sic] area ratio on the premises to be conveyed. Such state of facts shall not constitute an objection to title and Purchaser hereby specifically waives any objection to title based upon the aforesaid utilization by Seller of the air rights appurtenant to the premises to be conveyed." On the final adjourned closing date plaintiff rejected a tender of the deed on the ground that a conveyance of Parcel A and Parcel B would violate the City's Zoning Resolution; and thereafter commenced the instant action seeking specific performance or, alternatively, the recovery of its $50,000 down payment and title examination expenses. Special Term held, inter alia, that the Zoning Resolution's restrictions on permissible subdivisions of zoning lots are not applicable to a sale of portions thereof. For the purposes of said Zoning Resolution we believe the words "subdivide" and "sell" are synonymous. (Cf. Matter of Fina Homes v. Young, 7 A D 2d 864, affd. 7 N Y 2d 845.) Since violation of the Zoning Resolution could subject plaintiff to possible criminal penalties and enjoinder, were it not for the possible waiver of this cloud on title we would hold that, as a matter of law, defendant's title was unmarketable. (See, generally, 62 N Y Jur., Vendor and Purchaser, § 48.) In such connection, we believe an issue of fact has been raised as to whether the contractual waiver was intended to encompass the probable, or even possible, violation of the Zoning Resolution. Accordingly, the order and judgment appealed from should be reversed and the case permitted to proceed to a trial on this issue.